UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DAVID M. KENT,

    Debtor.
_____/

DAVID M. KENT,

    Appellant,                                       Case Number 18-11858
v.                                                              Honorable David M. Lawson

DANIEL M. McDERMOTT, Trustee,

    Appellee,
and

LINDA KENT,

    Interested party.
_____/

## **OPINION**

David M. Kent, a former plastic surgeon, filed a Chapter 7 bankruptcy petition, listing among his debts certain obligations that resulted from a state court action for separate maintenance. Kent's estranged wife, Linda Kent, filed an adversary proceeding complaint alleging fraud and challenging dischargeability. After Linda's attorney was allowed to withdraw, and her own enthusiasm for the case waned, the bankruptcy court allowed the United States Trustee to substitute as the plaintiff in the adversary proceeding and contest the discharge. David Kent appeals the substitution order, contending that the bankruptcy court abused its discretion by allowing the substitution. This Court has jurisdiction over the appeal and affirms the bankruptcy court's order.

I.

David Kent filed his bankruptcy petition on November 18, 2016. In his schedule of liabilities, he disclosed more than $53 million in unsecured obligations, many of which were personal guarantees for the debts of a defunct business. He also listed substantial assets including several homes — one valued at $4 million — artwork valued at more than $30,000, and furniture worth more than $26,000. The Chapter 7 trustee suspected that Kent had concealed and was disposing of assets outside the bankruptcy process, and on January 4, 2017 she filed a motion for access to Kent's houses to inspect and preserve any property she found there. The bankruptcy court granted that motion.

Linda Kent filed her adversary proceeding complaint on May 26, 2017 objecting to the discharge. She alleged that the Kents were involved in a separate maintenance proceeding in state court, and that as part of the settlement David Kent had procured an agreement to have certain proceeds of an insurance policy deposited into a joint account, thereafter to be paid to him periodically as "spousal support." Linda contended that David orchestrated that arrangement to conceal those funds from his creditors in the bankruptcy case; she said those funds actually comprised marital property that was divided between the spouses under the divorce settlement agreement. The agreement also divided other property, including two homes that were to be sold, with the estimated proceeds of between $5 million and $8 million to be split between the spouses with 60% going to David and 40% to Linda. The complaint also alleged that certain valuable personal property was to be sold by a court-appointed receiver, with 50% of the proceeds going to Linda. However, Linda alleged, David had not performed under the agreement and had either taken possession of or sold and pocketed the proceeds from numerous items of marital property.

In Count I of her complaint, Linda contended that a discharge of obligations owed to her should not be granted because they are "domestic support obligation[s]," s*ee* 11 U.S.C. § 523(a)(5), and because David's conduct in failing to maintain one of the subject homes in good condition for sale breached the divorce settlement and caused that home to sell for substantially less than originally was estimated. The discounted sale, she alleged, resulted in a large deficiency from an unsatisfied second mortgage, for which Linda anticipated she would remain personally and solely liable if David was granted a bankruptcy discharge of his personal obligation on the note. In Counts II through IV of her complaint, Linda alleged that the discharge should be denied under 11 U.S.C. § 727, because David had improperly concealed or disposed of property of the estate, *id.* § 727(a)(2); withheld or destroyed records from which the value of property of the estate could have been determined, *id.* § 727(a)(3); and swore falsely in his bankruptcy schedules and other filings to conceal the true value or existence of numerous items of property of the estate that he had sold for his own benefit, *id.* § 727(a)(4).

David filed a motion to dismiss the adversary complaint, in which he argued that Linda lacked standing to bring the action. He reasoned that because all of his debts to her were non-dischargeable under 11 U.S.C. § 523(a)(5) (exempting from discharge obligations for "domestic support") and (a)(15) (exempting from discharge obligations other for debts "to a . . . former spouse . . . incurred by the debtor in . . . a divorce or separation or in connection with a separation agreement [or] divorce decree"), Linda lacked standing to object to his general discharge under 11 U.S.C. § 727. The bankruptcy court found that some of the debts Linda alleged may be dischargeable despite section 523(a)(5) and (15) and denied the motion to dismiss in a ruling from the bench on August 12, 2017. David did not appeal that ruling.

On May 8, 2018, Linda Kent's attorneys in the adversary proceeding filed a motion to withdraw, which the bankruptcy court granted. On May 31, 2018, the United States Trustee filed a motion for leave to substitute as the plaintiff in the adversary proceeding. The bankruptcy court granted the motion after it concluded that the substitution would not result in any substantive alteration in the issues presented or any delay in the trial. The Trustee merely sought to advance some of the same claims that originally were pleaded by Linda Kent in her complaint (but not including the claims based on sections 523(a)), on which discovery already had been concluded.

David Kent filed his notice of appeal two days later.

II.

David Kent backed up his notice of appeal with a motion for permission to appeal, covering a potential jurisdictional challenge with belt and suspenders. The district court has appellate jurisdiction over a bankruptcy court's "final judgments, orders, and decrees," certain interlocutory orders not involved here, and other interlocutory orders when leave of court is granted. 28 U.S.C. § 158(a). Although "the finality requirement is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations," *In re Cyberco Holdings, Inc.*, 34 F.3d 432, 437 (6th Cir. 2013), an order substituting a party does not come close to displaying the features of finality that make such bankruptcy orders appealable. *Ibid.*; *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (recognizing that "where an order in a bankruptcy case 'finally dispose[s] of discrete disputes within the larger case,' it may be appealed immediately") (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). The substitution order did not "finally dispose" of any aspect of the adversary proceeding, and it was not appealable as a final order of the bankruptcy court.

Discretionary appeals are allowed if the district court finds that "(1) the order implicates a question of law on which there is no 'controlling' authority and it involves a 'matter of public importance'; (2) the order implicates a legal question 'requiring resolution of conflicting decisions'; or (3) an immediate appeal from the order will 'materially advance' the case." *William Edwin Lindsey v. Pinnacle National Bank (In re Lindsey)*, 726 F.3d 857, 858 (6th Cir. 2013) (quoting 28 U.S.C. § 158(d)(2)). The order granting the Trustee's motion to substitute into the adversary proceeding easily meets the third criterion for certification. If the adversary proceeding is dismissed voluntarily or for want of prosecution, as it inevitably would be since Linda Kent is unrepresented and has indicated that she is unwilling to continue the litigation *pro se*, then there would be no apparent obstacle to the discharge. If the Trustee is allowed to proceed with the adversary complaint, then the objections raised in that complaint must be resolved before a discharge can be granted, and it ultimately might not be. It apparently is undisputed that, unless allowed to continue with the existing adversary complaint, the Trustee would be precluded by the time bar under Federal Rule of Bankruptcy Procedure 4004(a) from filing a separate action to raise the same objections. Therefore, the resolution of this appeal materially will affect the progress and could have a significant impact on the outcome of the case below.

David Kent's motion for permission to appeal will be granted. The Court has jurisdiction over the merits of the case.

III.

On an appeal of a bankruptcy court's ruling to the district court, "the bankruptcy court's legal conclusions [are reviewed] *de novo* and its factual findings for clear error." *In re: Modern Plastics Corp.*, 890 F.3d 244, 250 (6th Cir. 2018). The bankruptcy court's ruling on whether to allow the Trustee to substitute into an action as a plaintiff is reviewed for abuse of discretion. *Kane*

*v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) ("We review the district court's refusal to order the ratification, joinder, or substitution of the Trustee for abuse of discretion."); *Dutka v. Rosenthal*, 113 F.3d 1234, 1997 WL 225510, at *3 (6th Cir. 1997). "An abuse of discretion occurs when the [court below] 'relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)).

David Kent offers several technical reasons for his belief that the bankruptcy court abused its discretion when it allowed the United States Trustee to substitute for Linda Kent as the adversary proceeding plaintiff. He says that (1) the motion to substitute was merely an attempt by the Trustee to evade the time bar for objections under Bankruptcy Rule 4004 (establishing a 60-day deadline after the first meeting of creditors for a complaint objecting to discharge in a chapter 7 case); (2) Bankruptcy Rule 7025 (which incorporates Federal Rule of Civil Procedure 25), does not allow substitution, since none of the pertinent circumstances contemplated by Rule 25 (death, incompetency, or transfer of interest) are present here; (3) there was no authority for granting a substitution where the original plaintiff merely abandoned the action to avoid her own further expense, rather than entering into a compromise or voluntarily dismissing the complaint; and (4) reprising the argument raised in the earlier motion to dismiss, the bankruptcy court lacked subject matter jurisdiction over the adversary complaint in the first instance because Linda Kent did not have standing to object to a discharge.

While responding to each of these granular arguments, the Trustee offers a more conceptualized view of the proceedings. He contends that even if there may not be a specific rule or statute that fits this precise scenario, there is plenty of law that would allow a United States

Trustee to take over an adversary proceeding intended to prevent a dishonest debtor from obtaining a bankruptcy discharge. The Trustee has the better argument.

A.

Kent makes the point — probably correctly — that nothing in the substitution rule speaks to the present circumstances. That rule, Bankruptcy Rule 7025, assimilates Federal Rule of Civil Procedure 25 into adversary proceedings. Rule 25 prescribes procedures for substituting parties in four specific instances: death of a party, incompetency of a party, when a party's interest is transferred to another, and when a public officer who is a party in an official capacity separates from office. *See* Fed. R. Civ. P. 25(a)-(d). The United States Trustee argues that substitution might be allowed by viewing Linda Kent's abandonment of her claim as a transfer of that claim to the Trustee, invoking Rule 25(c). *Hage v. Joseph (In re Joseph)*, 121 B.R. 679, 683 (Bankr. N.D.N.Y. 1990), lends support to that argument, but that court's reasoning — that an intervenor prosecuting an objection to discharge under section 727 "'steps into the shoes' of the original plaintiff," and therefore the interest is transferred — tends to confuse cause and effect and therefore is unsound. Other courts have viewed that reasoning as "strain[ing] the traditional view of what constitutes a transfer of interest, *Peterson-Marone Constr. v. McKissack (In re McKissack)*, 320 B.R. 703, 717 (Bankr. D. Colo. 2005), and "a legal fiction too convoluted to be maintained," *State Bank of India v. Prasad Chalasani, Allen Mendelsohn, Tr., Soc'y for Sav. (In re Chalasani)*, 92 F.3d 1300, 1312 (2d Cir. 1996). Moreover, the record in this case simply does not support that gloss on the facts.

However, there is nothing in the language of Rule 25 that compels the conclusion that the four enumerated instances comprise the exclusive universe of possible grounds for substitution of

parties. Substitution is allowed in other circumstances, especially in the context of actions under 11 U.S.C. § 727(a). *See Cantwell & Cantwell v. Vicario*, 464 B.R. 776, 785 (N.D. Ill. 2011).

Section 727 was enacted in part to ensure that bankruptcy protection is reserved only "to the 'honest but unfortunate debtor.'" *In re Crawford*, 843 F.3d 1, 7 (1st Cir. 2016) (quoting *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). The bankruptcy court will deny a discharge where the debtor has "'knowingly and fraudulently made a false oath . . . relating to a material fact.'" *Id.* at 8 (quoting 11 U.S.C. § 727(a)(4)(A)). False swearing includes, among other things, omitting assets from the required schedules in a petition. *Ibid.* Discharge also may be denied if "'the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained . . . ,'" or if the debtor has "'has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities.'" *In re Simmons*, 810 F.3d 852, 855 (1st Cir. 2016) (quoting 11 U.S.C. § 727(a)(3), (5)). A discharge also may be disallowed where "'the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred . . . or concealed, or has permitted to be transferred . . . or concealed property of the debtor, within one year before the date of the filing of the petition.'" *In re Marcus-Rehtmeyer*, 784 F.3d 430, 434 (7th Cir. 2015) (quoting 11 U.S.C. § 727(a)(2)).

An objection to a discharge under section 727(a) based on fraud, perjury, concealment, and the like, even if made by a single creditor, questions the debtor's general right to any relief under the Bankruptcy Code. Therefore, such an objection extends beyond the interests of the objecting creditor and implicates the rights of all the debtor's creditors. *See Butler v. Almengual (In re Almengual),* 301 B.R. 902, 908 (Bankr. M.D. Fla. 2003) ("Besides vindicating public policy, a

successful section 727 action benefits all creditors because it preserves their ability to pursue their claims against the debtor post-petition.") (citing *Jacobson v. Robert Speece Properties, Inc. (In re Speece),* 159 B.R. 314, 319–20 (Bankr. E.D. Cal. 1993)). For that reason, when an objecting creditor steps away from his section 727 action, "[t]he great weight of authority allows substitution to permit a new party to continue prosecution of the original § 727 action." *In re McKissack*, 320 B.R. at 714 (citing *Ballard Furniture Co., Inc. v. Lindsey (In re Lindsey),* 208 B.R. 169 (Bankr. E.D. Ark. 1997)).

Some courts have found authority for substitution in Bankruptcy Rule 7041, which incorporates Federal Rule of Civil Procedure 41 into adversary proceedings, with an important addition: "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." Fed. R. Bankr. P. 7041. One condition of dismissal courts occasionally employ is that "'the debtor allow another party to pursue a § 727 complaint that was timely filed.'" *Cantwell & Cantwell*, 464 B.R. at 784 (quoting *In re Chalasani*, 92 F.3d at 1312).

Other courts have suggested that a creditor prosecuting an objection to a discharge under section 727(a) acts as a trustee of sorts for the benefit of all the other creditors, so that when the creditor discontinues the adversary proceeding, another creditor may be substituted as a plaintiff, even after the time for objections has expired. *Ryan v. Thomas (In re Thomas),* 178 B.R. 852, 853 (Bankr. W.D. Wash. 1995). That reasoning has been criticized when imposing a condition on dismissal could prevent a creditor from settling a section 727(a) adversary proceeding with a debtor. *See In re McKissack*, 320 B.R. at 718 (noting that a court "may not press a creditor into involuntary servitude by forcing it to forego a proposed monetary settlement and continue

prosecution of an action it no longer wishes to pursue"). Those circumstances do not exist in this case, however.

It also has been suggested that the authority to allow substitution in a section 727(a) adversary proceeding stems from the court's equitable powers, invoked in the bankruptcy context by 11 U.S.C. § 105, which allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *Id.* at 719 (quoting 11 U.S.C. § 105(a)). Under that rationale, "allowing replacement of such a willing substitute plaintiff for the original is necessary and appropriate to carry out the purposes of § 727(a)." *Ibid.* As substitution here is an equitable measure, several considerations are relevant, including the merits of the case, the reason the plaintiff wishes to discontinue prosecuting the claim, and the possibility of collusion between the creditor and the debtor. *Ibid.*

Although rationales differ, courts have found authority for substitution in a section 727(a) adversary proceeding outside the scope of Bankruptcy Rule 7025. As one court summarized, "[w]hether the bankruptcy court's power to grant a party's motion to substitute in the place of the original plaintiff arises from Bankruptcy Rule 7041 itself (*see, e.g.*, *In re Chalasani*, 92 F.3d at 1313), from some combination of § 727(a) and 11 U.S.C. § 105 (*see, e.g.*, *In re McKissack*, 320 B.R. at 719), from Bankruptcy Rule 7025 (*see, e.g.*, *In re Joseph*, 121 B.R. 679, 683 (Bankr. N.D.N.Y. 1990)), or under a fiduciary theory (*see, e.g.*, *In re Beltran*, 2010 WL 3338533, at *5 (Bankr. N.D. Ill. Aug. 25, 2010)), 'courts almost universally allow a qualified party to substitute in place of a plaintiff who wishes to abandon its § 727 case.'" *Cantwell & Cantwell*, 464 B.R. at 785 (quoting *In re McKissack*, 320 B.R. at 719).

In this case, the most direct authority for allowing substitution is Rule 7041, which allows the court to condition a dismissal upon continuation of the proceeding by the United States Trustee

standing in the shoes of the former objector. Fed. R. Bankr. P. 7041; *Cantwell*, 464 B.R. at 784. It is true that Linda Kent has not settled her case with David Kent or sought its dismissal, but her unwillingness to move forward with it after her lawyer withdrew amounts practically to the same thing.

The policy concerns that animate the requirement of judicial scrutiny under that rule are similar to those that require court approval of dismissals in other forms of collective actions designed to secure the rights of absent plaintiffs, such as class actions under Federal Rule of Civil Procedure 23 — *see* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.") — and collective actions under the Fair Labor Standards Act — *see Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (allowing FLSA settlements only "after [the court] scrutinize[es] the settlement for fairness").

The policy objectives are the same: to prevent the abandonment of meritorious claims that could implicate the interests of less involved parties where one creditor acts initially to raise an objection to the discharge, but later wants to abandon the adversary litigation after a compromise of her individual claims against the debtor, possibly to the detriment of other creditors. Those objectives are present even when the adversary plaintiff abandons her case without a compromise or settlement payment. "[I]t is the intent of the Code and the Rules [not to] leave serious allegations of wrongdoing untried where those allegations are of a character to justify a denial of discharge and where a party, albeit one different from the original plaintiff, is ready, willing and able to continue the case to an adjudicated conclusion." *In re McKissack*, 320 B.R. at 719.

In this case, the record shows that if the Trustee had not been permitted to intervene, then the adversary case inevitably would have been dismissed either voluntarily or for want of

prosecution.  Linda Kent appeared before the bankruptcy court at the hearing and did not oppose the substitution, indicating that she no longer wanted or was able to pursue the case after her attorneys withdrew.  Since the United States Trustee initially could have objected to David Kent's discharge under section 720(a), *see* 11 U.S.C. § 720(c), Rule 7041 provided the bankruptcy court ample authority to allow the substitution to prevent the imminent abandonment of the case by the original plaintiff.

B.

David Kent contends that allowing the substitution at this stage of the proceedings is unfair because it allows the United States Trustee to avoid the time limitations for objecting to a discharge.  Bankruptcy Rule 4004 establishes a 60-day deadline after the first meeting of creditors for filing a complaint objecting to a debtor's discharge in a chapter 7 case.  But the substitution required the Trustee to take the case as he found it, bound by the pleadings and discovery orders that had been entered.

The Trustee has acknowledged these limitations.  Linda Kent had filed her adversary proceeding on time.  And the Trustee substituted as a plaintiff only for the claims brought under section 727(a).  "[B]y limiting the substituted plaintiff to taking over the case in the posture that he finds it, for better or for worse, the [bankruptcy court] insure[d] that only those § 727 claims brought within the time constraints of Rule 4004 may be pursued." *In re McKissack*, 320 B.R. at 720.  The bankruptcy court's substitution order did not allow the Trustee to skirt the time limitations for objecting to a discharge set out in the rule.

C.

David also contends that the substitution is improper because the original plaintiff, Linda Kent, did not have standing to object to the discharge under section 727(a), since the debts to her were nondischargeable as having been incurred in a separation agreement. *See* 11 U.S.C. § 523(a)(15). Support for that argument can be found in *In re Rosenfled*, 698 F. App'x 300, 303 (6th Cir. 2016) ("Even if Amy owed debts to Joel, if those debts were non-dischargeable (as the bankruptcy court held that they would be under 11 U.S.C. § 523, a conclusion that Joel does not now challenge), then Joel has no personal stake in whether Amy receives a discharge in bankruptcy."). Nonetheless, the argument must be rejected in this case for at least two reasons.

*First*, Linda did not limit her complaint to obligations for domestic support or debts David incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15). Some of the obligations Linda identified were not covered by the separation agreement. She alleged, for example, that David failed to maintain certain real property that was sold for much less than its value, subjecting her to increased personal liability as a result of a short sale of one of the marital homes.

*Second*, the bankruptcy court ruled in an earlier motion to dismiss brought under the same theory that although some of Linda's claims might not be dischargeable under section 523(a)(5) or (15), other claims were, as the property settlement did not cover them. David never sought an appeal from that ruling and the time for doing so has expired. The present appeal cannot serve as an end run permitting him to appeal an earlier order out of time.

IV.

Ample authority exists for allowing the United States Trustee to substitute in the place of Linda Kent to prosecute a nondischargeability claim under 11 U.S.C. § 727(a). The bankruptcy court imposed appropriate limitations on the substitution and did not abuse its discretion.

Accordingly, the bankruptcy court's substitution order is **AFFIRMED**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Date:   October 23, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 23, 2018.

                          s/Susan K. Pinkowski
                          SUSAN K. PINKOWSKI